IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA, | * |
| | * |
| *Plaintiff*, | * |
| | *   Case No. **03-cr-00457 PJM** |
| v. | * |
| | * |
| **KENNETH JAMAL LIGHTY** | * |
| | |
| *Defendant*. | |

## MEMORANDUM OPINION

Kenneth Jamal Lighty ("Lighty"), facing a death sentence, has moved for an evidentiary hearing with respect to Claims II, IV, VI, VIII, and IX of his Amended Motion to Vacate, Set Aside, or Correct Sentence and for New Trial, pursuant to 28 U.S.C. § 2255. He alleges ineffective assistance of counsel at trial (Claim II), at sentencing (Claim IV), on direct appeal (Claim VIII), prosecutorial misconduct involving the nondisclosure of exculpatory evidence (Claim IV), and the cumulative effect of errors made at trial (Claim IX). He argues that these claims rely on evidence outside of the trial record and, therefore, require an evidentiary hearing. The Government opposes the Motion. For the following reasons, Lighty's Motion for an Evidentiary Hearing (ECF No. 622) is **DENIED**.

### I.   BACKGROUND

The Court is well conversant with the facts of this case, which may be briefly summarized as follows:

On January 3, 2002, Lighty, along with co-defendants Lorenzo Wilson and James Flood, abducted Eric Hayes from Washington, D.C. and transported him to Temple Hills, Maryland, where they executed him. Indic't. Nearly four weeks later, on January 30, 2002, Lighty acted as

1

the driver in a drive-by shooting on Afton Street in Temple Hills, Maryland (the "Afton Street Shooting") that resulted in the death of Antoine Newbill. *United States v. Lighty*, 616 F.3d 321, 341 (4th Cir. 2010). The next day, police were conducting a separate operation on East Capitol Street in D.C., during which an officer approached a car in which Lighty was a passenger. The officer observed Lighty placing a .380 caliber handgun in his pants and arrested him. *Id.* at 342. Shell casings from the handgun seized from Lighty appeared to show characteristics consistent with evidence found at Afton Street.

On October 8, 2003, Lighty was charged in a five-count indictment with kidnapping resulting in the death of Hayes, in violation of 18 U.S.C. § 1201(a)(1) (Count 1), as well as conspiracy to kidnap, in violation of 18 U.S.C. § 1201(c) (Count 2), and three counts of use of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c) (Counts 3, 4, 5). Indic't. On October 21, 2005, a jury convicted Lighty on all five counts. ECF No. 249 at 1.[1]

On November 10, 2005, the same jury unanimously recommended that he receive the death penalty. *Lighty*, 616 F.3d at 347. On February 28, 2006, the Court sentenced Lighty to death on Count 1, life imprisonment on Count 2, and consecutive sentences totaling fifty-five years imprisonment on Counts 3-5. ECF No. 249. Lighty filed a notice of appeal to the Fourth Circuit on March 14, 2006, which affirmed his convictions and sentences on August 11, 2010. *Lighty*, 616 F.3d at 380.

---

[1] Of note, however, is that at the trial for the Hayes murder, a firearms examiner determined that the shell casings recovered at the scene of the Afton Street Shooting had been fired by the handgun seized from Lighty. *Id.* But while he testified that shell casings recovered from the scene of the Hayes murder shared numerous rifling characteristics in common with those recovered from the Afton Street shooting and the test-fire shell casings fired by Lighty's handgun, the examiner was unable to make a definitive determination that the handgun used in the Hayes shooting and in the Afton Street shooting were one and the same. *Id.*

2

On September 8, 2010, the Fourth Circuit denied Lighty's requests for a rehearing and for a rehearing *en banc*. ECF Nos. 389, 390. On October 17, 2011, the U.S. Supreme Court denied Lighty's petition for a writ of certiorari. *Lighty v. United States*, 132 S. Ct. 451 (2011).

On October 16, 2012, Lighty filed a Motion to Vacate, Set Aside, or Correct Sentence and for New Trial, pursuant to 28 U.S.C. § 2255 (ECF No. 434), and on December 20, 2012, he filed an Amendment to that Motion (ECF No. 451). In his Amended § 2255 Motion, he makes essentially nine claims: that the Government unconstitutionally exercised peremptory challenges to exclude prospective jurors on the basis of their gender and race (Claim I); that trial counsel rendered ineffective assistance (Claim II); that his right to a fair and impartial jury was violated (Claim III); that exculpatory evidence was not disclosed by the Government (Claim IV); that the Court erroneously excluded relevant mitigating evidence at sentencing (Claim V); that counsel at sentencing rendered ineffective assistance (Claim VI); that the Court gave improper jury instructions at sentencing (Claim VII); that counsel on direct appeal rendered ineffective assistance (Claim VIII); and that the cumulative effect of prejudicial errors at trial mandates the relief he requests (Claim IX). ECF No. 451 at 2.

On December 20, 2012, Lighty, along with Co-Defendant James Flood, filed a Joint Motion for Discovery Regarding the Allegations of Impermissible Discrimination in Jury Selection (ECF No. 453), which the Court denied. On February 11, 2013, Lighty filed a Motion for Discovery Regarding Claims Other Than Claim I (ECF No. 463), and on June 30, 2017, an Amended Motion for Discovery (ECF No. 555), which the Court denied.[2]

---

[2] In denying Lighty's Amended Motion for Discovery, the Court ruled that his earlier Motion for Discovery Regarding Claims Other Than Claim I, ECF No. 463, had become moot.

On October 11, 2019, Lighty filed what he termed his "Merits Brief." ECF No. 621. The following day, he filed the present Motion for an Evidentiary Hearing. ECF No. 622. On February 28, 2020, the Government responded[3], and on June 22, 2020, Lighty replied. The Motion for an Evidentiary Hearing is now ripe for consideration.

## II. LEGAL STANDARD

Under 28 U.S.C. § 2255, a federal inmate may challenge the legality of a sentence imposed by a district court on the following grounds: (1) that the sentence was imposed in violation of the U.S. Constitution or the laws of the United States; (2) that the court was without jurisdiction to impose such a sentence; (3) that the sentence exceeded the maximum authorized by law; or (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a); *see also Rice v. Rivera,* 617 F.3d 802, 807 (4th Cir. 2010) ("[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255."). The inmate bears the burden of establishing his claim(s) by a preponderance of the evidence. *Jones v. United States*, No. CRIM.A. 03-425-A, 2005 WL 1705216, at *1 (E.D. Va. June 16, 2005) (citing *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958)). The inmate's burden of establishing his claim(s) "is a 'significantly higher hurdle' than 'would exist on direct appeal.'" *United States v. Smith*, 465 F.Supp.3d 551, 553 (E.D. Va. 2020) (quoting *United States v. Frady*, 456 U.S. 152, 166 (1982)).

In connection with a § 2255 petition, an evidentiary hearing must be granted "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no

---

[3] The Government does separately address, point by point, the arguments made by Lighty in his present Motion for an Evidentiary Hearing. Rather, it responds to the arguments made within Lighty's Reply to the Government's Response in Opposition to his Amended § 2255 Motion, which the Government refers to as its "merits brief." But the Court is able to discern the Government's response to the Motion for an Evidentiary Hearing by extracting those responses from the Government's "merits brief."

4

relief." 28 U.S.C. § 2255(b); *see also United States v. Poindexter*, 492 F.3d 263, 267 (4th Cir. 2007) ("When the district court denies § 2255 relief without an evidentiary hearing ... we review the facts in the light most favorable to the § 2255 movant."). The issue of whether to grant an evidentiary hearing is necessarily best left to the discretion of the district court. *Raines v. United States*, 423 F.2d 526, 530 (4th Cir. 1970). However, where ultimate resolution rests upon a credibility determination, an evidentiary hearing is necessary. *United States v. White*, 366 F.3d 291, 302 (4th Cir. 2004) (citing *Raines*, 423 F.2d at 530).

### III. DISCUSSION

Several of Lighty's allegations require minimal discussion as they: (1) were litigated on direct appeal, (2) are procedurally defaulted; (3) are foreclosed by statute, binding circuit precedent, or both; or (4) have already been addressed by this Court.

As for issues already litigated on direct appeal, those claims are foreclosed. *See United States v. Dyess*, 730 F.3d 354, 360 (4th Cir. 2013) ("[I]t is well settled that Dyess cannot 'circumvent a proper ruling ... on direct appeal by re-raising the same challenge in a § 2255 motion.'" (quoting *United States v. Linder*, 552 F.3d 391, 396 (4th Cir. 2009)); *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976) (per curiam) (holding that a § 2255 petitioner "will not be allowed to recast, under the guise of collateral attack, questions fully considered [on direct appeal]."); *Massaro v. United States*, 538 U.S. 500, 504 (2003) ("[C]laims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice."); *Bousley v. United States*, 523 U.S. 614, 621 (1998) (holding that habeas review "will not do service for an appeal") (internal quotes omitted).

As for those arguments that are procedurally defaulted, foreclosed by precedent or statute, or were previously decided by the Court, the Court refers the parties to the attached

Appendix, incorporated by reference, which addresses each argument individually. *See* App. hereto.

Several of Lighty's allegations—those brought under Claim II for ineffective assistance of counsel at trial and Claim VI for ineffective assistance of counsel at sentencing—do not require an evidentiary hearing because there is no credibility determination to be made. *Cf. White*, 366 F.3d at 302 ("[W]here the ultimate resolution rests on a credibility determination ... an evidentiary hearing is especially warranted."). Accordingly, courts have granted evidentiary hearings in alleged instances of ineffective assistance where the record in the case is insufficient to make a credibility determination, or where there is an actual dispute between the petitioner and counsel as to whether counsel's performance was deficient. *See, e.g., United States v. Pressley*, 990 F.3d 383, 389–90 (4th Cir. 2021) (granting evidentiary hearing where petitioner alleged that trial counsel failed to file motion to suppress after being asked to do so and record was devoid of any evidence of counsel's decision-making process); *United States v. Ragin*, 820 F.3d 609, 613–616 (4th Cir. 2016) (granting evidentiary hearing where petitioner alleged that trial counsel fell asleep during trial and counsel, a political candidate, dismissed the allegation as "political ... fodder"); *Pola v. United States*, 778 F.3d 525, 532–34 (6th Cir. 2013) (granting evidentiary hearing where petitioner claimed that counsel ignored his request to file a notice of appeal and counsel signed an affidavit stating they had no recollection of whether such a request was made). But here, there is no difference of opinion to resolve.

Lighty's trial counsel, Jeffrey O'Toole, Esquire, has submitted an affidavit *in support of* Lighty's ineffective assistance claims, conceding his own and his co-counsel's ineffectiveness. *See* ECF No. 622-2. But because Lighty (as client) and O'Toole (as counsel) are in agreement regarding O'Toole's supposed ineffective assistance, there is no need to hold an evidentiary

6

hearing on any of those allegations. *Cf. Brooks v. United States*, No. 3:02-00092, 2014 WL 2481824, at *8 (S.D.W.V. June 3, 2014) (affirming denial of habeas relief without evidentiary hearing where the petitioner "offered no disputed facts and no reason for credibility determinations.").

The Court recognizes that there is a theroetical credibility issue in connection with Claim II of Lighty's Motion. There, he alleges that trial counsel denied effective assistance by failing to call a prospective witness, Anthony Leftwich, to rebut the testimony of Ebony Miller, a Government witness who, along with Charles Whitley, was one of two people to whom Lighty confessed to kidnapping and murdering Hayes. But apart from Lighty's mere belief of what Leftwich might have said, there is nothing in the record to indicate what Leftwich would have testified to, even if he had been called. In other words, there is no credibility determination to be made.

Moreover, even if Leftwich could somehow have impeached Miller's testimony, the Court is satisfied that it would not have fundamentally altered the verdict that the jury reached, particularly in view of the Fourth Circuit's multiple observations that the evidence against Lighty was "overwhelming." *Lighty*, 616 F.3d at 356. *Cf. Strickland v. Washington*, 466 U.S. 668, 687–691 (1984) (explaining that a successful claim of ineffective assistance requires a convicted defendant to show that counsel's performance was so deficient that it prejudiced the defense). The Court reiterates that Charles Whitley, not just Ebony Miller, testified that Lighty confessed to Hayes' kidnapping and murder. Addressing Whitley's attempted 2007 recantation of his trial testimony, the Fourth Circuit affirmed this Court's credibility determination with respect to his trial testimony. *Lighty*, 616 F.3d at 357, 373. The Court is satisfied that Lighty's Claim II does not warrant an evidentiary hearing.

## IV. CONCLUSION

For the foregoing reasons, Lighty's Motion for an Evidentiary Hearing (ECF No. 622) is **DENIED**.  A separate order will **ISSUE**.

_____
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

**December** 20**, 2022**